Spear, J.
It will be noticed that there is no allegation in this petition that the walk was itself defective. No improper construction is charged, nor is it alleged that the walk was in such condition as to be peculiarly liable to cause the formation of ice; nor was the ice rough or uneven. The place where the accident occurred does not even appear to have been upon a slope or incline. So far as the charge of negligence on the part of the defendant is concerned the gravamen of the complaint is : 1. The defendant is a city of the first class ; 2. Wood street is a street within the corporate limits; 8. For a number of days next preceding the accident the city had carelessly and negligently suffered ice and frozen snow to accumulate on the sidewalk in front of the property of a private owner, so as to become dangerous for persons passing along, the same, having been beaten smooth and slippery, so that children had made a slide there, which had been there for some days previous, of all which defendant had or might have informed itself in time to have made the walk safe before the occurrence. Putting this charge in fewer words, it appears that the defendant is a-city of the first class. Wood street is one of the public highways. On a sidewalk of this street, in front of private property, the city suffered ice and frozen snow to accumulate, and for a number of days to be beaten smooth and slippery, and for that reason to become and remain dangerous. Of this condition of the walk the city might have informed itself in time enough to have make it safe before the an cident.
Is this a sufficient charge of negligence ? To show neg ligence it must be made to appear (1) that the city had no tice, actual or constructive, of the dangerous condition of the walk in time to remedy it, and (2) that, having mch notice, it was the city’s duty to remedy it.
*513 As to the first: For all that appears Wood street may be a street lying on the outer limits of the corporation. It may be a street but little improved, but little used, and but little frequented by the general public. If, therefore, as to every part of every public highway within the municipality it was the duty of the city to take unusual means and use extraordinary care to keep itself advised of the condition of the walks, then such duty attached to this part of Wood street; otherwise not. We say extraordinary care, because the allegation that the city “had or might have informed itself,” etc., means only that it might have informed itself, which is another form of saying that it was possible to have obtained the information. The terms “ a number of days ” and “ some days ” may mean two days or more. Neither necessarily indicates a greater number than two. Now, as to the most public and frequented streets, it may be that the allegation that the accumulations were there a number of days, or some days, is sufficient to cause notice to the city to be presumed, but this would not necessarily be so as to out-of-the-way streets and those remote from business centers.. It would be improbable that any city official who owed any duty in that regard would pass in the time stated under such circumstances as to make it incumbent oh him to observe the condition of the walk, or that the proper city authorities would be informed of its condition from other sources. The allegations referred to are, therefore, clearly insufficient to show notice to the city. So that the plaintiff is remitted, as to this essential element, to the allegation that it was possible for the city to have obtained the information. We do not understand that a city is bound at all hazards to have knowledge of defects in sidewalks. Municipal corporations are not insurers of the safety of their public ways, or of the lives and limbs of pedestrians. The law provides that such corporations shall have the care, supervision, and conti’ol of the ■streets, and shall cause them to be kept open and in repair, and free from nuisance. • This requires a reasonable vigi *514 lance, in view of all the surroundings, and does not exact that which is impracticable. When the authorities have done that which is reasonable in this regard they have discharged the entire obligation imposed by the law. They are not bound to use all possible vigilance in’ inspection or in obtaining information.
This view, if correct, disposes of the case; but, waiving this, is the petition free from infirmity in other respects ? The city is bound to exercise due care to keep the streets and walks reasonably and relatively safe, but can not be required to make all streets and walks absolutely safe or equally so. The complaint is that the walk was dangerous by reason of accumulations of ice and frozen snow, which rendered it slippery. The result was due in part to the elements and in part to the beating down of the ice and snow, especially by children sliding on it. If, then, the city of Cleveland, as to all the sidewalks within the corporarate limits, is liable for accidents which occur by reason of slippery sidewalks, of the condition of which it has notice, then, were notice shown here, it would be liable to the plaintiff in this case. It is insisted that there is such liability. If this be the law, an onerous burden is cast upon many of our municipal corporations. In all northern cities and towns storms of snow and sleet, producing ice and resulting, in slippery walks, are of frequent and constant recurrence during the winter season, and accidents of the character complained of are also frequent. Such dangers are apt to exist in many places at the same ‘time, and at points widely separated from one another. They appear at many points to-day, disappear to-morrow, and like dangers appear at other places the next day. They are affected by changes of weather, which are likely to occur at any time, and frequently many times within a few hours. It is not unreasonable to assume that there were hundreds of similar dangerous places in the city of Cleveland at the time of the accident to plaintiff.'' To effectually provide against dangers from this source would require a large special force involving euormous expense; for, to make the protection *515 effective, constant activity and vigilance would be required as well in the ascertainment of tbe dangers as in their removal upon being known. Such duties do not naturally fall within the province of the police force, as that force is not a city agency for any such purpose. It would be possible to employ and pay a special force, but it does not follow that it would be reasonable to require it. '
Regarding the removal of dangers, as well as regarding watchfulness in ascertaining their existence, the municipality is bound to exercise only ordinary care; to take such measures as are reasonably to be required and adequate, in view of the ordinary exigencies. The condition of the walk in this case is not complained of as a defect in the sidewalk, but rather an accumulation on- it which created a nuisance. This was transient in its character, and not such as to ordinarily require the interference of the city authorities for its abatement. Those 'authorities are. empowered to clear the streets from snow and filth, and, by ordinance, to require property owners to keep the walks cleared from snow and ice, but ordinarily liability does not attach for a failure to do so. Slipperiness may arise from a variety of causes. A thin film of mud on the walk will often produce it, and yet liability would hardly be claimed to arise from such cause. It is not clear, on principle, that an exception should necessarily be made in regard to slipperiness from accumulations of ice.
¥e have considered the numerous authorities referred to by counsel in the able and elaborate printed brief, and have read the argument with much pleasure. It invites to an extended discussion of the subject anda review of the'authoriities. "We doubt whether good would result from extended discussion, or from an attempt to weigh the arguments in the conflicting decisions of other states, or even from a lengthy review of those decisions, and hence do not enter upon either, but are content to rest this branch of the case, as to the duty of the city regarding removal of ice from the sidewalks within the municipality, on the ground tersely put in substance by counsel for defendant, that the law exacts of munici *516 palities only that which is practicable and reasonable in regard to keeping streets open, in repair, and free from nuisance ; that the duty of the municipality, under the statute, must-be interpreted upon a reasonable basis in reference to the actual condition of affairs; that impracticable things are not required, and that to hold the city liable, under the allegations of this petition, would be to require that which is impracticable, and to impose an onerous and unreasonable burden upon it.
Whether or not a case might be made, growing out of a peculiar situation of a walk at a greatly frequented place upon one of the most public streets wherein the city might be held for damages arising from slipperiness of ice alone, we need not here consider. Such a ease has not been made.

The petition does not state a cause of action, and the judgment of the court of common pleas is affirmed.